IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No.: 1:23-cr-00342-JRR |
| DEVIN MARCUS GRAY, | |
| *Defendant.* | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is Defendant Devin Marcus Gray's Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2).[1] (ECF No. 39; the "Motion.") The court has reviewed all papers.

**I.    BACKGROUND**

Gray is an inmate serving a 95-month sentence. (ECF No. 36.) Gray is currently housed at FCI Greenville.[2] He has served approximately 22 months of his sentence, and his projected release date is June 11, 2030.

On April 5, 2023, Gray sold a Polymer 80 handgun to a confidential informant (the "CI") with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"). (ECF No. 27, Attach. A.) The firearm was equipped with a "switch" conversion device that enabled it to operate as a fully automatic weapon. *Id.* In the following weeks, Gray conducted two additional transactions with the CI, during which he sold firearms and ammunition. *Id.*

---

[1] Gray requests that the court appoint the Office of the Federal Public Defender to represent him. Gray's request is denied as moot in view of the filing at ECF No. 40 in which the Office of the Federal Public Defender states that it declines to file a supplement to the Motion.

[2] Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (last visited July 28, 2025); *see United States v. Garcia*, 855 F.3d 615, 621 (4th Cir. 2017) (noting that courts "routinely take judicial notice of information contained on state and federal government websites").

On April 22, 2024, Gray was charged via Superseding Information with one count of Unlawful Possession of a Machinegun in violation of 18 U.S.C. § 922(o). (ECF No. 22.) Gray waived his right to an indictment and pled guilty on May 1, 2024. (ECF Nos. 25 and 27.) Gray's final total offense level was calculated at 29, and his criminal history category was determined to be VI. (ECF No. 37.) Pursuant to a Rule 11(c)(1)(C) plea, the parties agreed to a sentence range of 84–120 months. (ECF No. 27 ¶ 8.) On August 1, 2024, Gray was sentenced to 95 months of imprisonment, to be followed by a 3-year term of supervised release. (ECF No. 36.) Gray filed the present Motion on April 18, 2025. (ECF No. 39.) In his Motion, Gray asserts that he qualifies for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). *Id.*

## II.     LEGAL STANDARD

Ordinarily, "[t]he court may not modify a term of imprisonment once it has been imposed.'" 18 U.S.C. § 3582(c). This "rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011), *holding modified by Hughes v. United States*, 584 U.S. 675 (2018). One such exception is found in 18 U.S.C. § 3582(c)(2), which permits a court to modify a term of imprisonment, *inter alia*, "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." 18 U.S.C. § 3582(c)(2). "This can occur after the Court 'consider[s] the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *United States v. Riley*, No. CR ELH-13-0608, 2022 WL 9361679, at *5 (D. Md. Oct. 14, 2022) (quoting 18 U.S.C. § 3582(c)(2)).

"Under § 3582(c)(2), a defendant may be eligible for relief if an amendment to the Sentencing Guidelines has been made retroactively applicable." *United States v. Gary*, No. CR

JKB-08-0086, 2024 WL 1641007, at *1 (D. Md. Apr. 16, 2024) (citing *United States v. Riley*, Crim. No. ELH-13-0608, 2022 WL 9361679, at *5 (D. Md. Oct. 14, 2022)). The multi-part Amendment 821 is one such amendment. *Id.* Part A of Amendment 821 concerns the calculation of criminal history, specifically the application of "status points." *United States v. McElrath*, No. ELH-21-0137, 2024 WL 4529278, at *3 (D. Md. Oct. 17, 2024) (quoting *Gary*, 2024 WL 1641007, at *1). Part A decreases a defendant's status points by one if the defendant has seven or more total criminal history points and eliminates the status points entirely if the defendant has six or fewer criminal history points. *See Gary*, 2024 WL 1641007, at *1; *see McElrath*, 2024 WL 4529278, at *3 (same); *United States v. L.*, No. CR DKC 11-489-1, 2024 WL 3757902, at *1 (D. Md. Aug. 12, 2024) (same).

Part B "provides for a decrease of two offense levels if [eleven] conditions are met," *see McElrath*, 2024 WL 4529278, at *3, including:

> **(1)** the defendant did not receive any criminal history points from Chapter Four, Part A;
> **(2)** the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
> **(3)** the defendant did not use violence or credible threats of violence in connection with the offense;
> **(4)** the offense did not result in death or serious bodily injury;
> **(5)** the instant offense of conviction is not a sex offense;
> **(6)** the defendant did not personally cause substantial financial hardship;
> **(7)** the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> **(8)** the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);
> **(9)** the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and
> **(10)** the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. 848; and

> **(11)** the defendant was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848[.]

U.S.S.G. § 4C1.1(a).

### III. ANALYSIS

Gray brings his Motion under Part A, asserting that he is entitled to a sentence reduction because Amendment 821 applies retroactively to his case and reduces his sentence. (ECF No. 39.) Before Amendment 821 was enacted, § 4A1.1(d) of the Guidelines provided that two criminal history points be added to a defendant's criminal history score "if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status."[3] Amendment 821 revised § 4A1.1 by replacing subsection (d) with a new subsection (e), which adds one criminal history point for defendants who had more than seven criminal history points and committed any part of the instant offense while under a criminal justice sentence.[4] The amendment also eliminated the addition of status points for defendants with fewer than seven criminal history points.[5] Because Amendment 821 went into effect on November 1, 2023—exactly nine months before Gray was sentenced (ECF No. 36)—his Guidelines range was calculated pursuant to the amended § 4A1.1(e) rather than the old § 4A1.1(d). Put simply, Amendment 821 cannot apply retroactively because Gray's original Guidelines range was already calculated under the amended Guidelines. Gray did not receive any status points under the old § 4A1.1(d), which is a requirement for eligibility for a sentence reduction under Part A of Amendment 821. (ECF No. 30 p. 8–11.) Thus, Part A does not apply.

---

[3] U.S. Sent'ng Guidelines Manual, App. C, Amend. 821, Pt. A, at 234 (U.S. Sent'ng Comm'n 2023), *available at* https://www.ussc.gov/sites/default/files/pdf/guidelines-manual/2024/APPENDIX_C_Supplement.pdf (last visited July 28, 2025).
[4] *Id.*
[5] *Id.*

Additionally, since Gray received other § 4A criminal history points and his offense involved the sale of a firearm, Part B of Amendment 821 similarly does not apply. *Id.*

In view of the foregoing reasons, Gray is not entitled to relief pursuant to 18 U.S.C. § 3582(c)(2). The court therefore need not reach the 18 U.S.C. § 3553(a) factors.

### IV.     CONCLUSION AND ORDER

For the foregoing reasons, it is this 29th day of July 2025,

**ORDERED** that the Motion (ECF No. 39) shall be, and is hereby, **DENIED**.

Madam Clerk shall transmit a copy of this Memorandum Opinion and Order to Gray.

/s/
Julie R. Rubin
United States District Judge